UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES GROSS,

                Plaintiff,

                **ORDER**

      -against-                20-CV-4873 (DG) (JMW)

OFFICER SANCHEZ Police Officer; Individual
and Official Capacity, C. RANDALL HINRICHS Judge;
Individual and Official Capacity,
JOHN WHITE D.A. Investigator; Individual and
Official Capacity, ROBERT DITO D.A. Investigator; Individual
and Official Capacity, THOMAS SPOTA District Attorney;
Individual and Official Capacity, CHRISTOPHER McPARTLAND
Corruption Bureau; Individual and Official Capacity,

                Defendants.
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

James Gross
09-A-1719
**Green Haven Correctional Facility**
P.O Box 4000
Stormville, NY 12582
*Plaintiff Pro Se*

Arlene S. Zwilling, Esq.
**Suffolk County Attorney's Office**
P.O. Box 6100
H. Lee Dennison Building-Fifth Floor
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
*Attorney for Defendant Sanchez*

Joya C. Sonnenfeldt, Esq.
**NYS Office of the Attorney General**
Litigation Bureau
28 Liberty Street
New York, NY 10005
*Attorney for C. Randall Hinrichs*

1

**Kyle O. Wood, Esq.**
200 Vanderbilt Motor Parkway
Hauppauge, NY 11788
*Attorney for Thomas Spota*

*No Appearance by Defendants John White, Robert Dito, and Christopher McPartland.*

**WICKS,** Magistrate Judge:

On July 19, 2023, *pro se* Plaintiff James Gross filed a motion for default judgment against Defendants Alex Sanchez, Randall Hinrichs, John White, Thomas Spota, and Christopher McPartland. (ECF No. 112.) On July 24, 2023, that motion was referred to the undersigned by the Hon. Diane Gujarati for a Report and Recommendation. (Electronic Order dated July 24, 2023.) For the reasons set forth below, the Plaintiff's motion is denied. [1]

## BACKGROUND

On October 7, 2020, Plaintiff filed his original complaint alleging claims under 42 U.S.C. § 1983 against several defendants, including detectives, a police officer, investigators, district attorneys, and a judge. (ECF No. 1.) Since then, there have been significant procedural changes in this case. Plaintiff filed an Amended Complaint (ECF No. 8) and claims against several defendants have been dismissed. (*See* ECF No. 102; Electronic Order dated Mar. 20, 2023.)

The Court then ordered Plaintiff to serve upon the remaining Defendants (Sanchez, Hinrichs, White, Robert Dito, Spota, and McPartland) the Amended Complaint before June 19, 2023. (*See* Electronic Order dated Apr. 4, 2023.) On April 7, 2023, Defendant Sanchez's

---

[1] A denial of a motion for a default judgment, since not dispositive of a case, may be determined by Order rather than Report and Recommendation. *See Zuniga v. Newmark Wood Working Grp. Inc.*, No. 20-CV-2464 (RPK) (VMS), 2022 WL 3446331, at *4 n.1 (E.D.N.Y. Aug. 17, 2022) (citing 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a)) ("Because this Court concludes that the motion for default judgment should be denied without prejudice and with leave to [refile], the disposition of this motion is not dispositive of any party's claim or defense. The Court thus proceeds by Order rather than by Report and Recommendation.").

2

attorney filed a notice of appearance and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which was denied without prejudice to renewal for failure to include a notice of motion and memorandum of law (*see* ECF Nos. 105 and 106; Electronic Order dated May 16, 2023). On June 12, 2023, Plaintiff filed a letter indicating that he served Defendants with the Amended Complaint (ECF No. 109). A few days later, Defendant Hinrichs's attorney also filed a notice of appearance and a briefing schedule for a motion for leave to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (ECF Nos. 107 and 108), which the Court adopted (Electronic Order dated June 20, 2023). On June 27, 2023 and June 29, 2023, Defendants Sanchez and Hinrichs each filed their respective motions to dismiss the Amended Complaint. (*See* ECF Nos. 110 and 111.)

Before the Court is the Plaintiff's motion for default judgment against Sanchez, Hinrichs, White, Spota, and McPartland.[2] (ECF No. 112.) Defendants Hinrichs, Sanchez, and Spota have each filed oppositions to Plaintiff's motion. (ECF Nos. 113, 115, and 117.) The undersigned considers Plaintiff's motion and Defendants' oppositions below.

## **LEGAL STANDARD**

There is a two-step process for granting default judgments under Fed. R. Civ. P. 55. First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a); *see also* E.D.N.Y. Local R. 55.2. After the clerk's certificate of default is issued and posted on the docket, a party may apply for entry of a default judgment. Fed. R. Civ. P. 55(b); *see also* E.D.N.Y. Local R. 55.2(b).

In other words, this means that "[a]n entry of default against a defendant is a prerequisite of a default judgment." *Escobar v. Mahopac Food Corp.*, No. 19-CV-00510 (FB) (JRC), 2023

---

[2] Plaintiff has not moved for default against Defendant Dito, who is now deceased. (*See* ECF No. 74.)

3

WL 2587680, at *1 (E.D.N.Y. Mar. 21, 2023); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request."); *Bastien v. Samuels*, No. 14-CV-1561, 2014 U.S. Dist. LEXIS 147347, at *6 (E.D.N.Y. Oct. 15, 2014) (denying plaintiff's default judgment motions because plaintiff did not obtain an entry of default).

To be sure, the Court enjoys broad discretion to excuse noncompliance with the local rules. *See Yurkov-Shkolnik v. Allstate Life Ins. Co. of New York*, No. 06-CV-5451 (RLC), 2008 WL 4093490, at *2 (S.D.N.Y. Sept. 2, 2008) ("[T]he Second Circuit has made it clear that the court has broad discretion to excuse noncompliance with Local Rules."). And the Second Circuit has noted that *pro se* parties' papers shall be construed "liberally." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Bermudez v. United States*, Nos. 16-cv-5356 (LAP) (DF), 04-cr-685 (LAP), 2020 U.S. Dist. LEXIS 55103, at *1 n.1 (S.D.N.Y. Mar. 27, 2020) (noting that since all of plaintiff's submissions were made *pro se,* the court would "afford them liberal construction").

However, even *pro se* litigants, as Plaintiff is here, are required to adhere to the federal and local rules in the same manner as other litigants. *See Haynes v. Zaporowski*, No. 10-CV-224A, 2010 U.S. Dist. LEXIS 96297, at *6 (W.D.N.Y. Sept. 15, 2010) ("Still, pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Rotblut v. Ben Hur Moving & Storage, Inc.*, 585 F. Supp. 2d 557, 559 (S.D.N.Y. 2008)); *Austin v. Robinson*, No. 22-cv-00823 (RMR) (MDB), 2023 U.S. Dist. LEXIS 14674, at *6 (D. Colo. Jan. 27, 2023) ("Ms. Austin's pro se status does not vitiate her obligation to adhere to, and

4

comply with, 'the same rules of procedure that govern other litigants.'") (internal citations omitted).

## DISCUSSION

Even construing Plaintiff's motion liberally, the Court notes at the outset that Plaintiff has failed to obtain an entry of default from the Clerk of the Court, which is a prerequisite for default judgment and therefore it cannot further analyze his motion. *Bituminous Cas. Corp. v. Tindle Enters.*, No. 07-cv-1158 (TMP), 2009 U.S. Dist. LEXIS 80382, at *8 (W.D. Tenn. Aug. 3, 2009) ("When there has not been an entry of default by the Clerk, the court cannot enter a default judgment under Rule 55(b).").

Thus, as to Defendants White and McPartland, the Court finds Plaintiff's motion against them to be premature and accordingly denies the motion. *See O' Neil v. Weber*, No. 19-CV-140-M (DLC) (KLD), 2020 U.S. Dist. LEXIS 113299, at *3 (D. Mont. Apr. 28, 2020) ("Because Plaintiff has not obtained an entry of default, his motion for a Rule 55(b) default judgment against the Forest Service and Weber is premature and should be denied."). This denial is without prejudice to renew if and when entry of default has been made by the Clerk.

Additionally, as to the remaining three Defendants – Sanchez, Hinrichs and Spota – each has in fact filed a response to the Amended Complaint. Namely, Defendant Sanchez, through his attorney, filed a motion to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 106) and later on, filed a renewed motion to dismiss (ECF No. 110). Defendant Hinrichs appeared on June 15, 2023 through his attorney (ECF No. 107), who then filed motion for leave to file a motion to dismiss the same day (ECF No. 108) and the motion to dismiss itself (ECF No. 111). (*See* ECF No. 113.) And, finally, Defendant Spota's attorney filed a Notice of Appearance on his behalf on July 24, 2023 (ECF No. 116) and filed an

opposition to the instant motion and a motion for leave to file a motion to dismiss the amended complaint on that same day.  (ECF No. 117.)

These Defendants' appearances in this case indicate that they took steps to defend their case against Plaintiff's claims and weighs in favor of denial of Plaintiff's motion.  *See* Fed. R. Civ. P. 55(a) (noting that entries of default can only be entered when parties "fail[] to plead or otherwise defend"); *Evans v. Strayer University*, No. 115-CV-196, 2016 WL 5844857, *2 (S.D. Ga. Oct. 3, 2016) ("Plaintiff is not entitled to a default judgment because she has not obtained an entry of default. Nor will she be able to obtain one, because Defendant has appeared in this case and attempted to defend.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment against all five Defendants is hereby denied without prejudice (ECF No. 112).  Defendants are directed to confer and serve one copy of this Order on Plaintiff and file proof of service on ECF.

Dated: Central Islip, New York
August 24, 2023

S O   O R D E R E D:
/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge